UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61172-LEIBOWITZ/AUGUSTIN-BIRCH

KEVIN BAIN,

    *Plaintiff,*

v.

JOSE VARGAS and
CHRISTOPER SMITH,

    *Defendants.*
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Kevin Bain's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3]. Plaintiff brings this lawsuit *pro se* pursuant to 42 U.S.C. § 1983, for violation of his constitutional rights under the Fourteenth Amendment including "Particularity for Searches and Seizures; The Right to be Free from Unreasonable Searches and Seizures; [and] Right to Due Process of Law[.]" [ECF No. 8 at 3]. The Operative Complaint alleges two violations of the Fourteenth Amendment. The first cause of action is a Fourteenth Amendment violation for "Trespassing with a Firearm" against Christopher Smith, Detective for Miramar Police Department ("MPD"), and the second cause of action is a Fourteenth Amendment violation for a "Brady Violation (Impeachable Evidence) from the Plaintiff's Denied Suppression Hearing" against Jose Vargas, MPD Interim Chief of Police, and Smith. [*Id.* at 8]. These violations stem from Smith's alleged execution of a facially-deficient warrant at Plaintiff's home on July 25, 2020 [*Id.*], and a December 1, 2023, "Motion to Suppress Hearing which got denied by [Jose Vargas and Christopher Smith's] non-disclosures of [i]mpeachable information[.]" [*Id.* at 8, 10]. Plaintiff seeks monetary damages of $2,800,000.00, including punitive damages. [*Id.* at 5].

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. §

1915(e), are applicable to this matter. Pursuant to that statute, "the court shall dismiss the case at any time if the court determines that … (A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A court may dismiss claims under Section 1915(e)(2) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* In the instant matter, the Operative Complaint [ECF No. 8] indisputably lacks legal merit. The facts as alleged do not give rise to any plausible Fourteenth Amendment violation. Nor, construing the Operative Complaint [ECF No. 8] liberally, do the facts alleged give rise to any plausible claim that Defendants Smith and Vargas otherwise subjected Plaintiff, "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 3**] is **DENIED**.

2. The Operative Complaint [ECF No. 8] is DISMISSED WITHOUT PREJUDICE.

3. **The Clerk of Court** is directed to ADMINISTRATIVELY CLOSE THIS CASE.

**DONE AND ORDERED** in the Southern District of Florida on August 8, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   Kevin Bain, *pro se*